UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ELRICK J. GALLOW<br>aka ELRICK S. GALLOW | CIVIL ACTION NO. 16-00174 |
| VS. | SECTION P |
| NATE CAIN | JUDGE DOHERTY |
| | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Pro se petitioner Elrick Gallow is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and confined at the Avoyelles Correctional Center. In the instant petition, he attacks his 1999 convictions for second-degree battery and second-degree kidnapping and the thirty (30) year sentence imposed thereon by Louisiana's 13th Judicial District Court, Evangeline Parish, in the matter assigned Docket Number 58282 FA. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed **SUCCESSIVE** and **TRANSFERRED** to the United States Fifth Circuit Court of Appeal.

*Statement of the Case*

The matter presently before this Court involves issues previously addressed in the matter *Gallow v. Avoyelles Parish Correctional Center*, Docket No. 04-1905. A full procedural history of petitioner's legal claims can be found in that matter. A brief recitation of the relevant facts follows:

On April 27, 1999, petitioner was indicted by the Evangeline Parish Grand Jury and charged with aggravated second degree battery (La. R.S. 14:34.7) armed robbery (La. R.S. 14:64),

and second degree kidnapping (La. R.S. 14:44.1). On November 23, 1999, during the second day of his trial, Petitioner pleaded guilty, pursuant to a plea agreement, to battery and kidnapping charges and was sentenced to concurrent terms of thirty years and fifteen years of imprisonment.

On September 16, 2004, while he was incarcerated at the Avoyelles Parish Correctional Center – Cottonport, Louisiana, he filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 in this Court raising claims of ineffective assistance of counsel and abuse of trial court's discretion in denying his Post-Conviction Relief Application. All issues raised by Petitioner pursuant to this matter were fully briefed and considered by the United States Fifth Circuit Court of Appeal (*see Gallow v. Cooper*, No. 05-31015) prior to Judge Tucker Melancon's adopting of this Court's July 30, 2010 final Report and Recommendation [Rec. Doc. 50] and entering of an August 31, 2010 Judgment ultimately dismissing Gallow's Petition. [Rec. Doc. 52] The denial was affirmed by the Fifth Circuit on September 17, 2012, *Gallow v. Cooper*, No. 10-30861. On June 27, 2013, the United States Supreme Court in *Gallow v. Cooper*, 133 S.Ct. 2730, No. 12-7516 (2013), affirmed the dismissal.

Gallow filed the instant petition on February 4, 2016, again raising claims of ineffective assistance of counsel and denial of his constitutional right to an evidentiary hearing. [Doc. 1-2, p. 12]

### *Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

This is the second petition for *habeas corpus* filed by this petitioner attacking his second-degree battery and second-degree kidnapping convictions and the sentences imposed by the 13th

Judicial District Court. As noted above, petitioner's first petition for *habeas corpus* was dismissed with prejudice as time-barred, however, a *habeas* petition dismissed as time-barred is considered as having been adjudicated on the merits for the purposes of the gate-keeping rules on successive petitions. *In re: Flowers*, 595 F.3d 204 (5th Cir.2009).

This petition attacks the same convictions which were the subject of the previous petition. Although AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998); *see also Crone v. Cockrell*, 324 F.3d 833.

Petitioner's Due Process claim regarding his evidentiary hearing was raised in his previous petition, and that petition was dismissed with prejudice. Therefore, this petition is successive. Petitioner has not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and thus, transfer pursuant to 28 U.S.C. §1631 is appropriate.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and that it be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Lafayette , Louisiana March 27, 2016.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE: 3/29/2019
BY: EFA
TO: RFD

cg